## MOORE v. PICKARD, appellant.

*Contract — purchase of mower on trial — when vendee becomes liable.*

Defendant, in the spring of 1868, purchased a mowing machine upon the agreement that, if it did not work well, he need not keep it or pay for it. He kept it through the years 1868 and 1869, doing his own mowing and that of his neighbors, *held*, that he could not then refuse to pay for the machine, on the ground that it did not work well, but was liable for the purchase price.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee. The action was brought in Orleans county by Charles H. Moore, administrator of the estate of Hiram Curtis, deceased, against Albert H. Pickard, to recover the price of a mower and reaper sold to defendant by plaintiff's intestate.

*Thomas M. Webster*, for appellant.

*E. Porter*, for respondent.

E. DARWIN SMITH, J.

The head-note contains a full statement of the only point passed upon in the opinion.

*Judgment affirmed.*

---

## PETRIE v. DORWIN, appellant.

*Statute of frauds — sale of personal property — subsequent delivery.*

Where personal property was sold for more than $50 and subsequently delivered, *held*, that such subsequent delivery perfected the sale and rendered it valid under the statute of frauds. *Sprague* v. *Blake*, 20 Wend. 61; *McKnight* v. *Dunlop*, 5 N. Y. 537.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee. The action was brought in Jefferson county by William D. Petrie against Frederick H. Dorwin to recover for the conversion of a horse, harness and plow.

*L. J. Dorwin*, for appellant.

*Wynn & Porter*, for respondent.

MULLIN, P. J.

The only point of any importance for publication passed upon in the opinion is fully given in the head-note.

*Judgment affirmed.*